RECEIVED

MAY 25 2016

AT 8:30_____M
WILLIAM T. WALSH
CLERK

**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DENNIS and SANDRA MALANGA,<br><br>*Plaintiffs*<br><br>v.<br><br>KING INVESTMENT MANAGEMENT, INC.<br><br>*Defendant* | Civil Action No. 15-2463 (PGS)(TJB)<br><br>**MEMORANDUM<br>AND<br>ORDER** |

**SHERIDAN, District Judge:**

**Facts and Procedural History:**

      Plaintiffs bring this motion to compel arbitration, while Defendant brings a cross-motion for Summary Judgment. Dennis and Sandra Malanga ("Plaintiffs" or "Malangas") opened an account with Jefferson Pilot Securities Corporation ("Jefferson") (n/k/a/ Lincoln Financial Securities Corporation ("Lincoln")) in 2002. The Malangas joined Jefferson's "Custom Wealth Manager" program in 2006 and selected King Investment Management, Inc. ("King") as their portfolio manager. (Compl. ¶ 3-4).

      King invested and managed the funds until April 25, 2008. At that point, King states that it received written notice from Jefferson saying that the Malangas' account "has been terminated and removed from your trading universe effective immediately. Please discontinue management." (King Mot. for Summ. Judg., Ex. B, Termination Notice). King claims that it subsequently lost access to the Malangas' account. (King Summ. Judg. Brief, at 3). Plaintiffs

1

assert that the value of their accounts dropped because the portfolio was not managed. (Compl. ¶ 16).

The Malangas filed a complaint in May 2009 with FINRA against Jefferson and others, but King argues that it was not part of the 2009 action. (King Summ. Judg. Brief, at 3). The FINRA panel entered a Dispute Resolution Award in favor of the Malangas against the successor to Jefferson and one of Jefferson's employees. (Id. at 4).

The Custom Wealth Manager Client Services Agreement ("Agreement") between the parties contains a "Predispute Arbitration Clause." (King Mot. for Summ. Judg., Ex. A, Agreement, § 9). The clause states: "By signing an arbitration agreement the parties agree as follows...All parties to this agreement are giving up the right to sue each other in court, including the right to a trial by jury, except as provided by the rules of the arbitration forum in which a claim is filed."  It also states: "It is agreed that any controversy arising out of or relating to this Agreement or the accounts established hereunder, shall be submitted to arbitration in accordance with the rules adopted by the National Association of Securities Dealers, Inc. Dispute Resolution Board [n/k/a FINRA Dispute Resolution]..." (Agreement, § 9).

Plaintiffs brings two counts against King: 1.) breach of contract, and 2.) breach of fiduciary duty. (See Compl. at 4).

Plaintiffs seek to compel arbitration. Plaintiffs emphasize that the parties agreed to a Pre-dispute arbitration procedure, and that the arbitrability of such a dispute is to be decided by the arbitrators, since Plaintiffs were required to execute such a contract in 2006.

**Analysis**:

The purpose of the Federal Arbitration Act ("FAA") is "to reverse the longstanding judicial hostility to arbitration agreements that had existed at English common law and had been

adopted by American courts, and to place arbitration agreements upon the same footing as other contracts." *Beery v. Quest Diagnostics*, 953 F.Supp.2d 531, 536-37 (D.N.J. 2013) (internal quotation and citation omitted). In order to achieve this end, the FAA provides that contracts containing arbitration clauses "shall be binding" and allows for a federal court to stay proceedings in any matter referable to arbitration. 9 U.S.C. §§ 2, 3, 4. Moreover, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Beery*, 953 F.Supp.2d at 537. In New Jersey, an arbitration agreement "is valid, enforceable and irrevocable, except upon such grounds as exist at law or in equity for the revocation of a contract." N.J.S.A. § 2A:24-1.

In order to determine whether to compel arbitration, the court must consider: (1) whether the parties entered into a valid arbitration agreement; and (2) whether the dispute at issue falls within the scope of the arbitration agreement. *Century Indem. Co. v. Certain Underwriters at Lloyd's*, 584 F.3d 513, 523 (3d Cir. 2009). Under established law, "[t]he question whether the parties have submitted a particular dispute to arbitration, *i.e.*, the *question of arbitrability*, is an issue for judicial determination [u]nless the parties clearly and unmistakably provide otherwise." *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002) (internal quotations omitted).

The Court is satisfied that the predispute arbitration agreement applies. According to the arbitration clause, "[i]t is agreed that any controversy arising out of or relating to this Agreement or the accounts established hereunder, shall be submitted to arbitration in accordance with the rules adopted by the National Association of Securities Dealers, Inc. Dispute Resolution Board [n/k/a FINRA Dispute Resolution]..." This dispute also appears to fall within the scope of the arbitration agreement, as the controversy arises out of accounts established by the Agreement.

3

Defendant King also seeks summary judgment, claiming that this action is barred by the statute of limitations, or, alternatively, that waiver and estoppel applies. However, these are matters to be decided before the arbitrator.

## ORDER

THIS MATTER having been presented to the Court upon the Motion to Compel Arbitration by Plaintiffs Dennis and Sandra Malanga [ECF No. 18] and a Cross-Motion for Summary Judgment by Defendant King Investment Management, Inc. [ECF No. 20]; and after considering the submissions of the parties, for the reasons stated herein, and for good cause shown:

IT IS on this 25 day of May, 2016, hereby

**ORDERED** that Plaintiffs' Motion to Compel Arbitration [ECF No. 18] is GRANTED; and it is further

**ORDERED** that Defendant's Cross-Motion for Summary Judgment [ECF No. 20] is DENIED, and it is further

**ORDERED** that this dispute shall be submitted to arbitration in accordance with the FINRA Dispute Resolution rules.

PETER G. SHERIDAN, U.S.D.J.